## AFFIDAVIT OF THOMAS F. CROWLEY

I, Thomas F. Crowley, being duly sworn, depose and state the following:

1.  I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  I have been so employed for approximately twenty-five (25) years.  Prior to joining ATF, I served as a Deputy United States Marshal in the Southern District of New York.

2.  During my law enforcement career, I have participated in hundreds of investigations involving firearms, drugs, and/or criminal gangs.  In my current assignment, I have work closely with the Boston Police Department ("BPD") to investigate violations of the federal firearm and drug laws within the city of Boston.

3.  I am submitting this affidavit in support of an application for a criminal complaint charging that, on April 26, 2012, **HECTOR FUENTES** aided and abetted the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2. This affidavit is being submitted for the limited purpose of establishing probable cause to believe that FUENTES has committed this offense.  Accordingly, I have not included each and every fact known to myself and other law enforcement officers involved in this investigation.

4.  Since late 2011, I have been involved in an

-1-

investigation being conducted jointly with the Boston Police Department's Youth Violence Strike Force. This investigation targeted open air drug trafficking in the South End section of Boston. Over the course of this investigation, a cooperating witness ("the CW") was used to make nearly two dozen purchases of cocaine from dealers operating in and around the Villa Victoria Apartments, the Lenox Street Housing Development, the Alice Taylor Heyward Apartments, and certain other areas. Nearly all of the buys (including the buy described herein) were captured on video.

5. Operations in this investigation took place at approximately 6 p.m. on April 26, 2012 when the CW was sent out in the area of Massachusetts Avenue and Shawmut Avenue Road in the South End after being searched, provided with audio/video recording equipment, a transmitter, and official ATF funds with which to purchase cocaine. I participated in the investigation that day, helped equip the CW before he went out on then street, and had the assistance of other officers, including BPD Detective Sixto Merced, who speaks Spanish and was ultimately able to interpret and transcribe that portion of the April 26 Video showing that **HECTOR FUENTES** introduced the CW to RENE TORRES in order to facilitate the crack cocaine sale that TORRES then made to CW-1 in the hallway of 58 W. Newton Street.

6. After getting out onto the street, the CW walked over to O'Day Playground on West Newton Street. As he/she walked through the park heading away from West Newton Street towards the park

-2-

exit located on Aquadilla Street, the CW passed a Hispanic male in a blue hoodie later identified as **HECTOR FUENTES** who was walking through the park in the opposite direction (i.e., headed in the direction of West Newton Street).

7.  As they passed, the CW asked **FUENTES** if he "had anything" (meaning did he have any drugs to sell).  **FUENTES** said he did not.  After the CW passed **FUENTES**, however, **FUENTES** stopped, called out to the CW, and told the CW that he "looked like a cop."   The CW then also stopped, laughed and **FUENTES** approached the CW (while still in the park) and asked what he/she was "looking for."

8.  The CW told **FUENTES** that he was looking for "crack." After some further small talk, **FUENTES** led the CW back out of the park onto the sidewalk on West Newton Street where RENE TORRES (who **FUENTES** referred to as "P") was standing.

9.  As they approached TORRES, **FUENTES** called out to TORRES ("OK.  Yo P...) and asked TORRES if he had "any work" (a street term for drugs).  As **FUENTES** did so, the CW **stated** that he/she had $48 and that he was looking for "3 for 48" (meaning that he wanted three $20 bags of crack cocaine for forty eight dollars). TORRES (who had apparently not heard what the CW said), asked **FUENTES** "how much" and **FUENTES** told him "three for 48."   In response, TORRES repeated "three for 48" and told the CW "I got you."

10.  TORRES directed the CW to the hallway of a nearby building located at 58 West Newton Street. **TORRES** went through

-3-

the two entry doors at this address and went up the stairs to the second landing (in between the first and second floors).  Once there (and while being videoed by the CW), he turned around and pulled a plastic bag containing wrapped pieces of crack cocaine from his pants and emptied the contents onto his palm.  He proceeded to pick out three rocks and hand them to the CW and then took (and counted) the CW's money.  As **TORRES** and the CW talked, **TORRES** put the reminder of the crack bag in the bag, first knotting it and the placing it back in his pants.

11. The CW asked **TORRES** for his phone number.  **TORRES** took the CW's phone and entered "617-599-2500" under the initials "PG" and then handed the phone back to the CW after showing him that the number was properly entered.  Both the CW and **TORRES** then left the building and separated.

12. The CW headed straight for my car where he turned over 3 bags of crack and the recording equipment to me.  The CW was then taken back to a meeting location where he was debriefed and corroborated what had been learned from surveillance and what we would learn from the video that captured both **FUENTES'** introduction of the CW to TORRES and TORRES' sale of 3 bags of cocaine to the CW that immediately followed that introduction.

13. As set forth above, the CW gave me three bags of suspected drugs when he/she got back into my vehicle.  I took the drugs the CW gave me, inspected them (and identified them as crack cocaine) and provided them to BPD Detective O'Connor.  Detective O'Connor transported the drugs to BPD District D-4

-4-

where he field tested one of the bags (which tested positive for cocaine) and then logged the drugs into evidence so they could be sent to the State Lab for further testing.

14.   Based on the foregoing, I submit there is probable cause to believe that, on April 26, 2012, **HECTOR FUENTES** aided and abetted the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2.

THOMAS F. CROWLEY
SPECIAL AGENT, ATF

Sworn and subscribed to before me this $\mathcal{12}$th day of September, 2012.

JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

-5-